# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER MAZZARELLO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AMD 02 CV 3576 |
| LUCENT TECHNOLOGIES INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF TOM MOORE

I, TOM MOORE, do hereby depose and swear as follows:

1. I am over 21 years of age. I have personal knowledge of and am competent to testify to the matters stated herein.

2. I am the Vice President for Optical Networking Sales for Lucent Technologies, Inc. ("Lucent"). From June of 2000 through the end of June 2001, I served as the Area Vice President of Sales Realization on the Verizon team for Lucent. Plaintiff was a member of the Verizon team during 2001 until her resignation from Lucent effective September 6, 2001.

3. In 2001, Lucent experienced a severe economic downturn and was forced to conduct downsizing company-wide, including on the Verizon team. Downsizing first occurred on the Verizon team in February of 2001, and a second downsizing then occurred in March of 2001. By the summer of 2001, as the downturn in business intensified, Lucent offered a company-wide early retirement package in an effort to encourage further head count reduction. When this offer failed to achieve a sufficient reduction in the labor force, a third downsizing occurred on the Verizon team in August of 2001.

4. Plaintiff was not a target of any downsizing efforts by Lucent at any time in 2001, and she was never once in jeopardy of losing her job at any time before her resignation from Lucent effective September 6, 2001.

5. In 2001, Mr. Paul Kates was employed by Lucent in the New Business Development Department on the Verizon team, and Marcello Barros was employed by Lucent in the Optical Sales Department on the Verizon team. Neither Mr. Kates nor Mr. Barros ever worked for me prior to Ms. Mazzarello's resignation effective September 6, 2001. In addition, neither Mr. Kates nor Mr. Barros worked for or were supervised by either Mr. Christopher Herr or Ms. Pam Worley prior to Plaintiff's effective resignation. On May 1, 2001, both Mr. Kates and Mr. Barros were promoted from the A-4 band level to the A-5 band level.

6. Mr. Kates received his Masters of Business Administration degree ("MBA") from Georgetown University in 1999, and Mr. Barros received his MBA from Oregon University in 1998. In contrast, Plaintiff, at the time of her resignation, did not have an MBA, although she had started classes at Loyola University in January of 2001, classes for which she received tuition reimbursement from Lucent.

7. Both Mr. Kates and Mr. Barros worked in direct sales on the Verizon team. In contrast, Plaintiff worked in Sales Realization, which essentially constituted sales support. Plaintiff was never in direct sales, and thus never responsible for direct sales responsibilities.

8. In 2001, both Mr. Kates and Mr. Barros were ranked higher on the Verizon team than Ms. Mazzarello. Among the A-level Managers on the Verizon team, Mr. Kates was ranked 9th in 2001, while Mr. Barros was ranked 10th. Plaintiff during this same time period was ranked 26th on the team.

Pursuant to 28 U.S.C. § 1746, I do hereby declare under the penalties of perjury that the foregoing is true and accurate.

Executed this 17th day of April, 2003.

_____
Tom Moore

\\LAB\368771.1

3