IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JENNIFER MAZZARELLO, | * |
| Plaintiff, | * |
| v. | * |
|  | Civil Action No. AMD 02 CV 3576 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LUCENT TECHNOLOGIES INC.'S BILL OF COSTS**

Defendant Lucent Technologies Inc. ("Lucent"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Bill of Costs. For the reasons discussed below, Lucent's Bill of Costs should be allowed and costs in the amount of $2,693.30 should be assessed against Plaintiff.

### I.   FACTS AND ITEMIZATION OF COSTS

Plaintiff filed suit against Lucent on October 11, 2002, alleging sexual harassment, gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). On July 24, 2003, following a hearing on July 23, the Honorable Andre M. Davis entered an Order granting summary judgment against Plaintiff and in favor of Lucent on all counts.

Lucent has incurred a removal fee from the Clerk of $150.00, and court reporter and transcript costs for depositions used and/or relied upon by Lucent during summary judgment in this matter in the total amount of $2,543.30. Specifically, Lucent deposed

Plaintiff, and Plaintiff then deposed eight individuals. In calculating costs, however, it must be recognized that the parties had voluntarily agreed to consolidate depositions between Plaintiff's case and another case pending before Judge Davis: <u>Lisa Bryan v. Lucent Technologies Inc.</u>, Civil Action No. 1:03-cv-00265-AMD. As a result, Lucent is only seeking recovery of half of the cost of the depositions of the eight individuals deposed by Plaintiff, and will seek recovery of the other half against Ms. Bryan at a future date.

In total, Lucent seeks costs against Plaintiff in the amount of $2,693.30. In further support and itemization of these costs, counsel for Lucent has submitted an affidavit, attached hereto as Exhibit A, which includes copies of all deposition invoices.

## II.    <u>LUCENT'S COSTS SHOULD BE ASSESSED AGAINST PLAINTIFF</u>

Rule 54(d)(1) provides that:

> Except when express provision therefore is made either in a statute of the United States or in these Rules, costs other than attorney fees shall be allowed as of course to the prevailing party unless the Court otherwise directs . . .

28 U.S.C. § 1920 provides that such costs may include fees of the Clerk and fees of court reporters for all stenographic transcripts necessarily obtained for use in the case. <u>See</u> 28 U.S.C. § 1920 (1)-(2).

The Fourth Circuit has addressed the issue of awarding costs to a prevailing defendant in a Title VII action, and reaffirmed that Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party." <u>See</u> <u>Cherry v. Champion International Corp</u>., 186 F.3d 442, 446 (4th Cir. 1999) (<u>citing</u> <u>Delta Airlines, Inc. v. August</u>, 450 U.S. 346, 352, 67 L.Ed.2d 287, 101 S.Ct. 1146 (1981) and <u>Teague v. Bakker</u>, 35 F.3d 978, 995-96 (4th Cir. 1994)). In <u>Cherry</u>, the Fourth Circuit recognized

2

only five circumstances which would justify denial of costs to a prevailing party: (1) misconduct by the prevailing party worthy of penalty; (2) the inability of the losing party to pay costs; (3) the excessiveness of the costs; (4) the limited value of a prevailing party's victory; and (5) the closeness or difficulty of the issues decided.  See Cherry, 186 F.3d at 446 (citations omitted).  In the present matter, however, none of these five factors justify denial of costs.

As to the first factor, Lucent has engaged in no misconduct whatsoever in this case which could justify assessing the penalty of cost denial.  As to the second factor, Plaintiff cannot credibly argue an inability to pay costs of only a few thousand dollars.  As to the third factor, Lucent is clearly not seeking recovery of excessive costs.  As to the fourth factor, the "limited value" of a prevailing party's victory normally involves a recovery by a plaintiff of only a nominal amount, thus making the plaintiff a "prevailing" party in name only.  In this matter, however, Lucent prevailed fully and completely on each claim brought by Plaintiff against the company.  There is thus nothing "limited" about Lucent's victory.

As to the final factor, the very fact that this case was dismissed on summary judgment almost by definition reveals that the issues to be decided were neither close nor difficult.  As a matter of law, Plaintiff's case was insufficient to proceed to a jury and involved no "close" calls.  The final factor enunciated by the Fourth Circuit thus in no way supports a denial of costs in this matter.

Plaintiff may attempt to argue that the comparative economic power of Lucent versus Plaintiff justifies a denial of an award of costs.  The Fourth Circuit has specifically addressed and rejected this factor, however, thus rendering any attempted argument by

Plaintiff on this ground moot. See Cherry, 186 F.3d at 448. Plaintiff also might attempt to argue that she brought her action in good faith, and that the public interest would be best served by encouraging individuals to pursue Title VII actions. Once again, however, the Fourth Circuit has specifically rejected such arguments. See id.

### III.    CONCLUSION

For the foregoing reasons, Lucent respectfully requests that its costs in the total amount of $$2,693.30 be assessed against Plaintiff, and that the Court award Lucent such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/
Robert R. Niccolini
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
410-659-4400

Counsel for Lucent Technologies Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2003, the aforegoing Memorandum of Points and Authorities in Support of Defendant Lucent Technologies Inc.'s Bill of Costs was electronically filed, and was also mailed, first class, postage prepaid to Paul V. Bennett, Esq., Counsel for Plaintiff, 133 Defense Highway, Suite 209, Annapolis, Maryland 21401.

/s/
Robert R. Niccolini

\\LAB\380837.1