IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER MAZZARELLO | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AMD 02 CV 3576 |
| LUCENT TECHNOLOGIES, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S BILL OF COSTS

Plaintiff, Jennifer Mozzarello, by and through her attorney, Paul V. Bennett, hereby opposes Defendant's Bill of Costs, and for cause says:

To impose costs against plaintiff in this case would be unfair since plaintiff had a good faith basis for bringing her claim, and defendant should have, if the resolution of this case based on the timeliness of the charge were truly as clear-cut as now claimed, should have filed a motion to dismiss rather than wasting time conducting unnecessary discovery.  In truth, the issue of the timeliness of the claim was not so obvious as to justify an imposition of costs against plaintiff.

It is telling that defendant failed to raise the issue of timeliness in a motion to dismiss, which, in hindsight, could have avoided the discovery expenses defendant now seeks to recover. Assuming, as defendant argues, that the issue of timeliness was "neither close nor difficult" (Defendant's Memorandum in Support of Bill of Costs, page 3), defendant could have and should have filed a motion to dismiss before undergoing the discovery about which the defense now protests so loudly.  Defendant did not file the "obvious" motion to dismiss, because the issue was

PDFMAILER.COM Print and send PDF files as Emails with any application, ad-sponsored and free of charge www.pdfmailer.com

not so obvious or clear cut. In *White & White, Inc. v. American Hosp. Supply Corp*., 786 F.2d 728 (6th Cir. 1986), cited with approval in *Teague, et al. v. Bakker, et al*. 35 F.3d 978 (4th Cir. 1994), one of the factors to consider in denying costs to the prevailing party was the unnecessary actions of the prevailing party resulting in delay and/or the fact that the case in question was a close call or a difficult one. If this was not a close call as defendant argues, its conduct in failing to file the "obvious" motion to dismiss under FRCP 12(b)(6) should bar its claim for costs.

Furthermore, defense counsel did not even attempt to use timeliness as the basis for its summary judgment other than on the harassment claims, and it was left up to the court during oral argument at the hearing on the Motion for Summary Judgment to raise that possibility. Defense counsel admitted he "missed the issue" in failing to argue the limitations issue "across the board" rather than limiting that argument, as he had done, to the harassment issue alone. (Hearing Transcript dated July 23, 2003, marked and attached hereto as Exhibit A, page 12 line 7 through page 13, line 8). Clearly, the question of the limitations being a bar to the entire case was overlooked by defense counsel and it is consequently duplicitous to argue that the question was so clear and obvious that plaintiff' should be liable for defense costs.

Without restating the entire argument section in the Motion for Summary Judgment brought by the defendant and the Opposition Memorandum filed by the plaintiff, plaintiff was protesting a continuing and ongoing pattern of discrimination and harassment. She had been subjected to a number of actions on the job including transfers and threats of transfers and ultimately felt compelled to resign when she was being threatened with a transfer to a position she believed assured her of termination. The issue was whether that threat of transfer, which did occur within 300 days of filing with EEOC could be used to relate back to the prior conduct that had occurred in the years, months and weeks leading up to the threat of transfer.

PDFMAILER.COM Print and send PDF files as emails with any application, ad-sponsored and free of charge www.pdfmailer.com

The court itself conceded that, while holding the threat of transfer was of a different nature than the previous conduct complained of and therefore could not relate back to the previous conduct, the court pointed out that not all issues relating to the issue of a "discrete act" have been fully resolved:

> You know, frankly, I don't think Morgan has actually answered this question. Does it have to be an act that is in and of itself harassing? I don't think it goes that far. I don't think it has to be an act that is in and of itself inherently harassing such that you could bring a cause of action on that act alone. I think there are single act causes of action for hostile environment.(Exhibit A, page 16, lines 15 -23).

Given the close nature of the question of plaintiff's timeliness or in the alternative the defense failure to address the issue head on from the beginning, the Bill for Costs should be denied.

## CONCLUSION

Wherefore, for the foregoing reasons, plaintiff respectfully requests that the Defense Bill of Costs be denied.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974-6000
Federal Bar No. 10324

Attorney for Plaintiff

PDFMAILER.COM Print and send PDF files as Emails with any application, ad-sponsored and free of charge www.pdfmailer.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 9th day of September, 2003 that a copy of the foregoing Memorandum of Law in Opposition to Defendant's Bill of Costs was sent by electornic filing and by first class mail, postage prepaid, to Robert R. Niccolini, Esquire, McGuire Woods, LLP, 7 St. Paul Place, Suite 1000, Baltimore, Maryland 21202, Attorney for Defendant.

                                                  _____/s/_____
                                                      Paul V. Bennett, Esq.