IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
|  | * |  |
| JENNIFER MAZZARELLO, | * |  |
| Plaintiff, | * |  |
| v. | * |  |
|  | * | Civil Action No. AMD 02 CV 3576 |
| LUCENT TECHNOLOGIES INC., | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S BILL OF COSTS**

Defendant Lucent Technologies Inc. ("Lucent"), through undersigned counsel, respectfully replies to Plaintiff's Opposition to Lucent's Bill of Costs (Plaintiff's "Opposition"). For the reasons discussed herein, as well as the reasons contained in Lucent's original Memorandum of Points and Authorities in Support of its Bill of Costs, Lucent's Bill of Costs should be allowed and costs in the amount of $2,693.30 should be assessed against Plaintiff.

**I.   PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH SUFFICIENT LEGAL GROUNDS FOR DENIAL OF LUCENT'S BILL OF COSTS**

In her Opposition, Plaintiff does not attempt to dispute the strong presumption under Rule 54(d)(1) of the Federal Rules of Civil Procedure in favor of automatically awarding costs to the prevailing party. See Bass v. E.I. Dupont De Nemours & Company, 324 F.3d 761, 766 (4th Cir. 2003); Cherry v. Champion International Corp.,

186 F.3d 442, 446 (4th Cir. 1999). Instead, in attempting to overcome this presumption, Plaintiff relies upon two factors: (1) that the statute of limitations issue was not "clear and obvious;" and (2) that Lucent's failure to bring a motion to dismiss constituted "strategizing" which should result in denial of costs. Neither of these factors are relevant factors under Fourth Circuit precedent, however, and neither constitutes grounds for denial of costs.

### A. Lucent's Limitations Defense was Neither Close nor Difficult Enough of an Issue to Justify Denial of Costs

In her Opposition, Plaintiff asserts that the "question of timeliness was not clear and obvious," and that costs should therefore be denied. Plaintiff, however, has misstated the applicable standard under Fourth Circuit precedent, which is more accurately described as the "closeness or difficulty of the issues decided." See Cherry, 186 F.3d at 446. Under the properly annunciated standard, no issue in this matter was either so close or so difficult as to justify punishing Lucent by denying costs.

On the issue of closeness, Plaintiff is unable to deny that her case was indeed dismissed on summary judgment as a matter of law. Thus, almost by definition, the case did not involve a "close" enough call to even submit the matter to a jury. More importantly, Plaintiff neglects to mention that she attempted to overcome limitations by relying upon an alleged constructive discharge within the 300-day limitations period. Plaintiff's attempt to establish the existence of a constructive discharge, however, was woefully inadequate. In fact, the Court at the hearing on summary judgment referred to an earlier unpublished decision on constructive discharge, and noted on the record that:

> So, what I concluded in that case is what I think I have to conclude in this case, in slightly different context. That is, that the employee's decision to take preemptive action to protect herself is understandable, but it's not cognizable as a constructive discharge. And, frankly, I have to tell you the facts in this case <u>don't</u> <u>even</u> <u>come</u> <u>close</u> to the facts in the case that I'm telling you about.

(*Exhibit A to Plaintiff's Opposition at 7 lines 13-20*) (emphasis added).

As to the secondary issue of difficulty, the legal concepts of limitations and constructive discharge are, to be quite frank, not rocket-science. Plaintiff's case is nothing more than a straightforward, garden-variety Title VII action, and did not raise issues so difficult or complex as to justify denial of Lucent's request for costs. As a result, Lucent's Bill of Costs should be allowed.

**B.     Lucent's Decision Not to Pursue a Motion to Dismiss does not Justify Denial of Costs**

In her Opposition, Plaintiff also argues that Lucent's decision not to file a Motion to Dismiss constituted "strategizing," and was an "unnecessary" action justifying denial of costs. In support of this proposition, Plaintiff relies upon <u>Teague v. Bakker</u>, 35 F.3d 978, 997 (4th Cir. 1994) (citing <u>White & White</u> <u>v. American Hosp. Supply Corp.</u>, 786 F.2d 727, 730 (6th Cir. 1986)). In <u>Teague</u>, however, the Court justified the denial of costs to the prevailing party not because of "unnecessary" strategizing, but for the specific reason that the prevailing party took actions which "unnecessarily prolonged <u>trial</u>." <u>Id</u>. at 997 (emphasis added). As Plaintiff's claims were dismissed on summary judgment, Plaintiff's reliance upon <u>Teague</u> is thus misplaced.

Moreover, as the Fourth Circuit held in <u>Cherry</u>, actions by a prevailing party justifying a denial of costs must rise to the level of misconduct worthy of penalty. See <u>Cherry</u>, 186 F.3d at 446. Lucent's decision not to pursue a Motion to Dismiss hardly

3

constitutes misconduct, particularly when Lucent was unable to evaluate Plaintiff's constructive discharge allegations, and the impact such allegations might have upon its limitations defense under the continuing violation theory, until <u>after</u> discovery was complete. Thus, once again, Plaintiff has offered absolutely nothing to justify penalizing Lucent in denying its Bill of Costs.

## II.  CONCLUSION

For the foregoing reasons, Lucent respectfully requests that costs in the total amount of $2,693.30 be assessed against Plaintiff, and that the Court award Lucent such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/
Robert R. Niccolini
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
410-659-4400

Counsel for Lucent Technologies Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2003, the aforegoing Reply to Plaintiff's Opposition to Defendant's Bill of Costs was electronically filed, and was also mailed, first class, postage prepaid to Paul V. Bennett, Esquire, counsel for Plaintiff, 133 Defense Highway, Suite 209, Annapolis, Maryland 21401.

/s/
Robert R. Niccolini

\\LAB\386177.1